Peck, J.
delivered the opinion of the court.
Thomas Crutcher, Treasurer, in the name of the Governor, in November obtained judgment, on motion, in the circuit court of Davidson, for fifteen hundred and seventy-eight dollars, being for taxes which said Brown had collected and not accounted for. Execution was taken out on the judgment on the 10th of January, 183Q, and was put in the hands of Porter, the. their sheriff of Giles county, who levied on negroes, the property of Brown, sufficient to satisfy the demand. Brown gave to the sheriff, Porter, (not to the plaintiff, as tl}e act of assembly requires,) a bond, with security, that the property should be delivered upon the day of sale, and replevied the property. These facts were returned upon the execution, which with the bond, were produced in the court, from which the execution had issued. Then an alias execution was sued out and put in the hands of said Porter, who again levied on the same property. On this another bond was taken payable to the .plaintiffs and the property restored. The bond being returned with the execution, on motion, judgment was taken against the said Brown and his securities, as well those who had entered themselves for the faithful discharge of the duty of the .said Brown, as against ihe securities in the bond as above-last mentioned. At *309 the subsequent term all the securities appeared: filed their petition, stating that they were not notified, and that the judgment was void and in other respects informal and against law. On these promineut facts which the record presents, this court will first consider the effect of the levy made by Porter on the negroes of said Brown, under the execution first put in his hands. The sheriff hav-ving seized property under the execution sufficient to satisfy the demands of the plaintiff discharged the judgment. This is a question so well settled in all the courts and particularly in our own, that it is useless again to repeat the reasons on which the rule is founded. The case of Young and Read vs. Whitcomb, (3 Yerger’s Rep. 298,) following the case of Pigg vs. Sparrow, (3 Haywood’s Rep. 144,) re-examined again and confirmed at Knoxville, are conclusive authorities and will not be departed from. Some additional authorities to those given in the case in 3 Yerger’s Reports, may be here stated. 2 Lord Raymond, 1073: 2 Shower, 394: 8 Price, 319: 4 Cowan: 7 Cowan.
When execution is begun by seizure, the property is so far divested out of the owner, that it is in custody of the law; and execution once begun by law, the sheriff may sell though he has returned his writ; even a venditioni exponas is but to hasten it; it gives no authority which the sheriff had not before. Did the bond taken payable to the sheriff release the property? We are all clearly of opinion itdidnot, even supposing that abond taken in strict compliance with the act of assembly of 1829, could have that effect, a question it is now useless to consider. This bond to the sheriff (not the plaintiff) cannot by possibility, have any such effect; what might be the binding efficacy of the bond at common law, between the sheriff and the obligors is not now to be considered. It is clear that it cannot authorize a summary judgment: it cannot be taken as any part of the return with the execution: is not covered by the act of assembly, and under *310 it the plaintiff could have no benefit. The alias execution was issued improperly; it would not assist the sner-iff, because the law supposes that he had the property, no matter into whose hands he had suffered it to pass; the law fixes the right in him for the satisfaction of the judgment, and this right becomes established in virtue of this process of law, the execution. The sale of the property which was made by the officer, is referable to the execution and seizure under it. 2 Saunders, 57, and note: Cro. Jac.73. Therefore, the money, when made, should have been rendered in obedience to the writ, although that writ had been returned. Therefore, the second levy did not change the value of the right; nor did the replevin bond secondly taken, although the act of assembly in taking it had been pursued.
The truth is, that fixing the right by the seizure on the first execution settles the whole case. With the bill in equity, which is spoken of, we have no concern; it is not before us in any form. If it be true, as stated, that the Chancellor has settled the rights among contending creditors, and has done so on principles at variance with this opinion, any one aggrieved is not without remedy. The judgment taken on the motion against the two sets of securities in the circuit court, is before us; on the legality of that judgment we have to pass; it must be seen in the view we have taken of the case, that it is erroneous and void and must be set aside. Any of the sets of securities seeing the execution with these facts upon it and returned at the day, had the power to oppose the motion against them. They had but to point to the condition of the property first taken to obviate the claim of their liability.
Judgment reversed.